UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 96-1754**

―――――――――――

ANA L. CAUSSADE,

Plaintiff - Appellant,

versus

JESSE BROWN, SECRETARY OF VETERANS AFFAIRS,

Defendant - Appellee.

―――――――――――

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Andre M. Davis, District Judge. (CA-95-
397-AMD)

―――――――――――

Argued:  January 31, 1997        Decided:  February 27, 1997

―――――――――――

Before HAMILTON and LUTTIG, Circuit Judges, and BUTZNER, Senior
Circuit Judge.

―――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――

**ARGUED:** James Lester Kestell, KESTELL & ASSOCIATES, Arlington,
Virginia, for Appellant.  Allen F. Loucks, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.  **ON BRIEF:** Michael P.
Deeds, KESTELL & ASSOCIATES, Arlington, Virginia; Lawrence J.
Sherman, DESO, THOMAS, SPEVAK, WEITMAN & ROST, P.C., Washington,
D.C., for Appellant.  Lynne A. Battaglia, United States Attorney,
Baltimore, Maryland, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Ana Caussade claims that her employer, the Veterans Administration, violated her rights under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Caussade's claim is based on her allegation that she suffered an adverse employment action because of her age and Puerto Rican heritage.

Caussade has worked as a nurse for the Veterans Administration in positions of increasing responsibility for over 20 years. Between 1989 and 1993, Caussade's relationship with her immediate supervisor deteriorated, and she was transferred to a different position within the same hospital. She claims that she was transferred to a position of less prestige and was no longer permitted to use her office. Nevertheless, she retained the same title, grade, salary, and level of responsibility.

Finding no genuine issue of material fact, the district court entered summary judgment against Caussade. The court reasoned that she could not prevail because her reassignment did not constitute an adverse employment action. The reassignment was made during the course of a bona fide reorganization in which seven head nurses were reassigned, and the reasons for reassigning Caussade were not pretextual. Finding no reversible error, we affirm for reasons adequately stated in the district court's opinion.

AFFIRMED

2